UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GETTY IMAGES (US), INC.

                         Plaintiff,

        -against-

ADVERNET, INC.                                    09-cv-1895(DAB)
f/k/a VR MARKETING, INC.,

                        Defendants.
------------------------------------------------------------x

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF FRCP 12(b)(1) and 12(b)(6) MOTION
## FOR DISMISSAL OF PLAINTIFF'S COMPLAINT

Dated: April 23 , 2009

                              Respectfully submitted

                              OSCAR MICHELEN (OM 5199)
                              Sandback, Birnbaum & Michelen
                              200 Old Country Road  Suite 2 South
                              Mineola,, New York 11501
                              (516)248-8000  fax: (516)741-9398

# TABLE OF CONTENTS

1. Table of Authorities ................................................................. 2

2. Preliminary Statement ............................................................. 4

3. Statement of Facts .................................................................. 4

4. Applicable Legal Standard ...................................................... 5

5. Summary of the Argument ..................................................... 7

6. POINT I ................................................................................. 8

   PLAINTIFF LACKS STANDING TO BRING
   THIS LAWSUIT AS THE AUTHORS OF THE
   SUBJECT WORKS RETAINED OWNERSHIP RIGHTS
   AND PLAINTIFF'S LICENSE DOES NOT INCLUDE AN
   <u>EXCLUSIVE RIGHT TO ENFORCE THE COPYRIGHTS ALLEGED</u>

7. POINT II ................................................................................ 11

   AS THE COMPLAINT DOES NOT
   ALLEGE THAT PLAINTIFF HAS THE
   EXCLUSIVE RIGHT TO BRING AN ACTION
   AND INSTEAD AVERS THAT IT IS NOT THE
   OWNER OF THE RIGHTS THE COMPLAINT
   <u>FAILS TO STATE A CAUSE OF ACTION</u>

10. Conclusion ............................................................................ 20

## TABLE OF AUTHORITIES

**Cases**

ABKCO Music, Inc. v. Harrisongs Music, Ltd., 944 F.2d 971, 980 (2d Cir.1991) ......... 10

Allen v. Wright, 468 U.S. 737, 750, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984).......... 8

Althin CD Med., Inc., 874 F. Supp at 842 (N.D.Ill. 1994) ................................................. 8

Bell Atlantic v. Twombly, 550 U.S. 544 (2007).............................................................. 11

Broadcast Music, Inc. v. CBS, Inc., 221 U.S.P.Q. 246 (S.D.N.Y. 1983) .......................... 9

Brown v. DeFrank, No. 06 Civ. 2235, 2006 WL 3313821, at 16 (S.D.N .Y. Nov. 15, 2006) ............................................................................................................................. 6

Davis v. Blige, 505 F. 3d 90, 101 (2nd Cir. 2007)............................................................. 9

Drees v.. County of Suffolk, No. 06-CV-3298, 2007 WL 1875623, at (E.D.N.Y. June 27, 2007) ............................................................................................................................. 6

Eden Toys, Inc. v. Florelee Undergarment Co., Inc., 526 F.Supp. 1187, 1190 (S.D.N.Y. 1981), affd in part, rev'd in part on other grounds, 697 F.2d 27 (2d Cir.1982) ............... 8

Essex Music, Inc. v. ABKCO Music and Records, Inc., 743 F.Supp. 237, 242 (S.D.N.Y.1990) ............................................................................................................. 9

Hunt v. Pritchard Indus., Inc., Nos. 07 Civ. 0747, 07 Civ. 1382, 2007 WL 1933904, at n. 4 (S.D.N.Y. July 3, 2007) ................................................................................................ 6

Latin Amer. Music Co. v. Archdiocese of San Juan, 135 F.Supp.2d 284 (D.P.R. 2001)... 8

Makarova v. United States, 201 F.3d 110, 113 (2d Cir.2000) .......................................... 6

Papasan v. Allain, 478 U.S. 265, 286 (1986)................................................................... 11

Prather v. Neva Paperbacks, Inc., 410 F.2d 698, 700 (5th Cir.1969) .............................. 10

Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir.1990) ....... 6

Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir.1994) ................................................................................................................ 11

Warth v. Seldin, 422 U.S. 490, 498-99, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975). ..... 8

**Statutes**

17 U.S.C. § 501(b) ............................................................................................................. 8

FRCP Rule 12(b)(1) ................................................................................................ 6, passim

FRCP Rule 12(b)(6) ................................................................................................ 6, passim

**Treatises**

M. Nimmer and D. Nimmer, Nimmer on Copyright, § 12.02, p. 12-29, N. 13 (1990)) ..... 9

Standing To Sue For Copyright Infringement Under 17 U.S.C.A. § 501(b), 82 A.L.R. Fed. 509 (1987 & Supp. 2008) ................................................................................ 9

**Constitutional Provisions**

Article III of the United States Constitution .................................................................... 8

## PRELIMINARY STATEMENT

This memorandum is submitted on behalf of defendant Advernet, Inc., in support of our motion for summary judgment and dismissal of the complaint as well as for leave to amend an answer.

## STATEMENT OF FACTS

Plaintiffs commenced this action through filing of a complaint on or about March 2, 2009. Defendant's time to interpose a response to the complaint was extended up to and including April 24, 2009.

The plaintiff's complaint sets forth one cause of action: a claim of copyright infringement brought by plaintiff against defendant alleging that defendant improperly infringed on the copyright attached to certain digital images. The plaintiff alleges, in paragraph 17 of the complaint that it is the exclusive licensee of the images that are the subject of the action. The complaint fails to define the nature and scope of the exclusive license and it fails to allege that the plaintiff is the sole entity with the right to prosecute infringement claims over the images. In paragraph 19, the complaint only alleges that plaintiff had exclusive rights to "display, reproduce and distribute the registered copyrighted works to the public."

The complaint, at paragraph 6, alleges that the copyright to an image remains with the author of the work "in most cases." The complaint fails to allege if the copyright to any of the images that are the subject of this action remain with the author of the work.

The complaint fails to attach any licensing agreement between the author of the work and the plaintiff.

## APPLICABLE LEGAL STANDARD

**Standard of review for 12(b) motions**

Defendants' motions to dismiss under Rules 12(b)(1) and 12(b) (6) are governed by the same standard. See Hunt v. Pritchard Indus., Inc., Nos. 07 Civ. 0747, 07 Civ. 1382, 2007 WL 1933904, at n. 4 (S.D.N.Y. July 3, 2007) ("The standards for dismissal under [Rule] 12(b)(6) and 12(b)(1) are substantively identical.") (internal quotation marks and citations omitted); see also Drees v.. County of Suffolk, No. 06-CV-3298, 2007 WL 1875623, at (E.D.N.Y. June 27, 2007) (motions under Rules 12(b)(1) and 12(b) (6) are governed by same standard). Therefore, in considering the motions, the court is required to accept the facts alleged in the complaint as true and to draw all reasonable inferences in favor of the plaintiff. See Hunt, supra,; Drees, supra; see also Lunney v. United States, 319 F.3d 550, 554 (2d Cir.2003) (deciding Rule 12(b)(1) motion).

In deciding a motion to dismiss under either Rule 12(b)(1) or Rule 12(b)(6), documents attached to the complaint may be considered by the court. See Brown v. DeFrank, No. 06 Civ. 2235, 2006 WL 3313821, at 16 (S.D.N .Y. Nov. 15, 2006). In addition, the court "may refer to evidence outside the pleadings" in deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. Id. at 15 n. 4 (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir.2000)).

On a Rule 12(b)(1) motion, the plaintiff bears the burden of proof, while on a Rule 12(b)(6) motion, the defendant bears such burden. See Brown v. DeFrank., No. 06 Civ. 2235, 2006 WL 3313821, at 15 n. 4 (S.D.N.Y. Nov. 15, 2006) (citing cases).

Where motions to dismiss are brought pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, as well as on other grounds, the court must decide the Rule 12(b)(1) motion first. See Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir.1990) ("[T]he court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined.") (internal quotation marks and citations omitted); see also Drees, 2007 WL 1875623, at 5 (Rule 12(b)(1) motion must be decided first since disposition of Rule 12(b)(6) motion is decision on the merits and thus an exercise of jurisdiction).

## SUMMARY OF THE ARGUMENT

It is the contention of the defendant copyright rights are divisible and a copyright holder may divide and distribute such rights as it desires to different licensees. However, under copyright law, only one entity may retain the rights to enforce the copyright in a work and if an owner retains ownership rights in the work, it is the only entity permitted to bring an action to enforce such claims.

The term "exclusive license" or "exclusive licensee" is therefore subject to interpretation and does not automatically mean that such a licensee has the right to bring an infringement claim. The face of the complaint alleges that the owners of the work may have retained ownership rights in the works. While the complaint alleges that plaintiff has the exclusive right to distribute the image, it does not allege that it has the exclusive right to protect the image through enforcement.

Since the complaint fails to make clear whether plaintiff has standing and in fact points more to the plaintiff lacking standing, the complaint must be dismissed as the court

lacks subject matter jurisdiction. Since the complaint does not properly allege that plaintiff has the right to bring this action and that it retains all of the rights necessary to enforce the copyright in the works, the complaint fails to state a cause of action.

## POINT I

### PLAINTIFF LACKS STANDING TO BRING THIS LAWSUIT AS THE AUTHORS OF THE SUBJECT WORKS RETAINED OWNERSHIP RIGHTS AND PLAINTIFF'S LICENSE DOES NOT INCLUDE AN EXCLUSIVE RIGHT TO ENFORCE THE COPYRIGHTS ALLEGED

Article III of the United States Constitution confines the federal courts to adjudicating actual "cases" and "controversies." Allen v. Wright, 468 U.S. 737, 750, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984). The Article III doctrine that requires a litigant to have "standing" to invoke the power of a federal court is perhaps the most important of these doctrines. Id. The issue of standing addresses the question "whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." Warth v. Seldin, 422 U.S. 490, 498-99, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975).

Standing to sue under the Copyright Act of 1976 is governed by 17 U.S.C. § 501(b). Section 501(b) provides that '[t]he legal or beneficial owner of an exclusive right under a copyright is entitled ... to institute an action for any infringement of that particular right committed while he or she is the owner of it.' If the owner, assignee or exclusive licensee grants only a nonexclusive license, the recipient has no standing to sue for copyright infringement. Eden Toys, Inc. v. Florelee Undergarment Co., Inc., 526 F.Supp. 1187, 1190 (S.D.N.Y. 1981), affd in part, rev'd in part on other grounds, 697

F.2d 27 (2d Cir.1982); Althin CD Med., Inc., 874 F. Supp at 842 (N.D.Ill. 1994) (emphasis added); see, e.g., Latin Amer. Music Co. v. Archdiocese of San Juan, 135 F.Supp.2d 284 (D.P.R. 2001); Broadcast Music, Inc. v. CBS, Inc., 221 U.S.P.Q. 246 (S.D.N.Y. 1983); see also Standing To Sue For Copyright Infringement Under 17 U.S.C.A. § 501(b), 82 A.L.R. Fed. 509 (1987 & Supp. 2008).

Thus, where merely a non-exclusive license is granted, the licensee (plaintiff in the instant matter) lacks standing to enforce the copyright against the alleged infringement. "Whether an agreement transfers rights that are exclusive or nonexclusive is governed by the substance of what was given to the licensee and not the label that the parties put on the agreement." Althin CD Med., Inc., 874 F. Supp at 844. Thus, plaintiff cannot merely claim that it is an "exclusive" licensee without this court analyzing the specific rights granted to plaintiff, and retained by the licensor ( i.e., the authors), by the very text of the agreement. Id.

Whenever a licensor of a copyright retains enforcement rights, the licensee does not receive an "exclusive" license. Once the copyright owner grants an exclusive license of particular rights, only the exclusive licensee and not the original owner can sue for later infringements of such rights. Davis v. Blige, 505 F. 3d 90, 101 (2nd Cir. 2007); Althin CD Medical, Inc., 874 F.Supp. at 842 (citing Essex Music, Inc. v. ABKCO Music and Records, Inc., 743 F.Supp. 237, 242 (S.D.N.Y.1990) ( quoting 3 M. Nimmer and D. Nimmer, Nimmer on Copyright, § 12.02, p. 12-29, N. 13 (1990))). Thus, in order for the grant of a license to be considered "exclusive", the licensee must also have received the sole right to enforce the license.

The complaint alleges that the authors of the works retained ownership rights to the works. The right to prosecute an accrued cause of action for infringement is also an incident of copyright ownership. ABKCO Music, Inc. v. Harrisongs Music, Ltd., 944 F.2d 971, 980 (2d Cir.1991). An owner may also convey his interest in prosecuting accrued causes of action for infringement. ABKCO Music, 944 F.2d at 980; see also Prather v. Neva Paperbacks, Inc., 410 F.2d 698, 700 (5th Cir.1969) (noting the effectiveness of an assignment of accrued causes of action for copyright infringement).

Accordingly, as the plaintiff is not the owner of the copyright to the alleged works and has not established in its complaint that it has the exclusive right to bring an action, it lacks standing to bring the claim.

POINT II

AS THE COMPLAINT DOES NOT
ALLEGE THAT PLAINTIFF HAS THE
EXCLUSIVE RIGHT TO BRING AN ACTION
AND INSTEAD AVERS THAT IT IS NOT THE
OWNER OF THE RIGHTS THE COMPLAINT
FAILS TO STATE A CAUSE OF ACTION

The documentary proof of the complaint establishes that the owner of the copyrights sought to be enforced by this action are the photographers of the images. See, paragraph 6 of plaintiff's complaint. The complaint later alleges that plaintiff was granted an exclusive right to "distribute" the images, but it fails to allege that plaintiff was similarly given an exclusive right to enforce the rights in the images. See, paragraphs 17 and 19 of the complaint. As those allegations are necessary to state a cause of action for copyright infringement, the complaint must be dismissed pursuant to Rule 12 (b)(6).

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir.1994), a plaintiff's obligation to provide the "grounds" of his "entitle [ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." See, also, Bell Atlantic v. Twombly, 550 U.S. 544 (2007).

To withstand a motion to dismiss under Rule 12(b)(6), the complaint's " '[f]actual allegations must be enough to raise a right to relief above the speculative level.' " Phillips v. County of Allegheny, 515 F.3d 224 , 234, quoting Twombly at 554-555.

11

Thus," 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id., again quoting Twombly at 554-555. "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.' " Phillips, 515 F.3d at 234, quoting Twombly at 554-555. (quotations omitted).

Here the complaint only offers the legal conclusion that plaintiff is an exclusive licensee without even attaching the license agreement. The rights may be limited in some way or may be subject to conditions precedent. There may be an effective date of the license that affects plaintiff's rights. The court and indeed the defendant should not be forced to speculate whether the license agreement gives the plaintiff the exclusive right to enforce the copyright to the image. The complaint should at the least allege that. That the complaint alleges that the plaintiff had the exclusive right to "display, reproduce and distribute" but not "enforce" the image makes it likely that plaintiff does not have these rights.

As the case law cited in the previous point establishes, the right to enforce the image vests with the owner of the copyright unless that right is specifically transferred via a license agreement. See, e.g., ABKCO Music, Inc. v. Harrisongs Music, Ltd., 944 F.2d 971, 980 (2d Cir.1991).

Since the complaint is utterly silent as to whether each photographer of each image specifically transferred the right to bring an enforcement action, the complaint fails to properly state a cause of action and must be dismissed.

## CONCLUSION

In conclusion, it is respectfully submitted that as the plaintiff lacks standing and the complaint fails to state a cause of action upon which relief may be granted, the complaint must be dismissed.

Dated: April 23, 2009

                                        Respectfully submitted

                                        *Oscar Michelen*
                                        OSCAR MICHELEN (OM 5199)