```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
GETTY IMAGES (US), INC.
                          Plaintiff,
                                                          AFFIRMATION
                                                          IN SUPPORT
     -against-

ADVERNET, INC.                                            09-cv-1895(DAB)
f/k/a VR MARKETING, INC.,

                          Defendants.
------------------------------------------------------------------x
```

I, OSCAR MICHELEN, an attorney admitted to practice before this court swears under penalties of perjury that the following is true upon information and belief based upon the files maintained in my office:

1. I am the attorney for the defendant Advernet, Inc. in the above entitled action and respectfully move this Court to issue an order pursuant to Local Civil Rule 1.4 permitting my firm to withdraw as attorneys of record for the defendant in this action and for such other and further relief as the court deems just and proper.

2. Local Civl Rule 1.4 reads as follows:

**Local Civil Rule 1.4. Withdrawal or Displacement of Attorney of Record**
An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

3. We were retained by defendant on or about March 13, 2009 via the attached retainer agreement. In an effort to assist small companies who have been sued or who have received claim letters from plaintiff, our firm has agreed to accept a reduced rate of $150.00 per hour instead of our regular rate of $450.00 per hour.

1

4. The retainer agreement was executed on or about March 2009 and an initial retainer of $900 was sent. An additional $1,500 was received afterward in response to our first invoice after interposing of our answer. Since that time. We have received no additional funds form our client despite demand for same.

5. An invoice for $1,500 for further services rendered in connection with the settlement conference held before the Court was sent to defendant in December 2009. In an email, dated January 18, 2010, the defendant stated that he had not received the invoice and that he believed the balance to be $500. I re-sent him the $1,500.00 invoice. To date we have not received any payment towards that invoice.

6. As we continued to provide the discovery demanded by plaintiff, I repeatedly reminded defendant of its outstanding obligation.

7. In a telephone conversation with Scott Ekster two weeks ago, I again reminded him of his outstanding obligation and further advised him that we would need an additional $3,000 to over upcoming costs and fees for depositions and possibly retaining an expert on the issue of damages. Mr. Ekster advised me that the company had no funds to pay our past or future fees, had no source of income and had ceased operation. He pointed out that in providing the defendant's financials to the plaintiff, the bank balances of the company were $200.00. He also stated that the company did not have assets to engage new counsel. A copy of that bank balance is attached as an exhibit. I advised him that in light of that, I would have to move to withdraw as counsel and he stated that he understood.

2

8. In cases where permissive withdrawal is sought, "[t]he grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court...." *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 135 (1st Cir.1985) (quoting *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir.1982)), cert. denied sub nom. *Andrews v. Bechtel Corp.*, 476 U.S. 1172, 106 S.Ct. 2896, 90 L.Ed.2d 983 (1986).

9. Disciplinary Rule 2-110, provides guidance to attorneys seeking to withdraw, as well as to judges deciding whether to permit withdrawal:

[A] lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules.

DR 2-110(A)(2).

10. Disciplinary Rule 2-110 also outlines specific sets of circumstances in which an attorney may seek permission to withdraw from representation, two of which are relevant to this motion:

(C) Permissive Withdrawal. If DR 2-110(B) [mandatory withdrawal] is not applicable, a lawyer may not request permission to withdraw in matters pending before a tribunal, and may not withdraw in other matters, unless such request or such withdrawal is because:

(1) His client:. . . . .

(d) By other conduct renders it unreasonably difficult for the lawyer to carry out his employment effectively.

... [or]

(f) Deliberately disregards an agreement or obligation to the lawyer as to expenses or fees.

3

DR 2-110(C)(1)(d), (f).

11. The New York State Bar Association, Committee on Professional Ethics interpreted "deliberate disregard" in a 1989 opinion, in which the Committee posed and answered the following question: "May an attorney withdraw from employment in a litigated matter because of nonpayment of fees where the client is financially unable to make payment?" N.Y. St. B.A. Comm. on Professional Ethics, Op. 598 (February 1, 1989), *reprinted in Natl. Rptr. on Legal Ethics & Prof. Resp.*, NY:Opinions:21 (1989). The Committee noted:

> a client's non-payment of fees because of an inability to pay may in certain circumstances be deemed a "deliberate" breach of the client's obligation to counsel, and therefore, warrant permissive withdrawal from representation by counsel. Such withdrawal will be appropriate in a litigated matter only if the attorney has provided clear notice to the client of the attorney's desire to withdraw, taken reasonable steps to avoid foreseeable prejudice to the client and obtained permission from the tribunal to withdraw....

*Id.* at NY:Opinions:22.

12. The Committee reasoned that although an attorney has a responsibility to assure that his withdrawal does not "occur at a time when such withdrawal would give rise to immediate harm to the client," this does not "bar withdrawal where the client may be unable to afford new counsel, even though leaving the client without representation may damage the client's position." *Id.* The Committee concludes:

> a client "deliberately disregards an agreement or obligation" to pay legal fees whenever the failure is conscious rather than inadvertent, and is not *de minimus* in either amount or duration. A client's knowing and substantial failure to satisfy his or her financial obligations to a lawyer would justify the lawyer's withdrawal.... This would be so even where the failure results from inability to pay.

*Id.* at NY:Opinions:23.

13. My firm should not placed in a position, after already having agreed to a drastically reduced hourly rate, of working without any expectation of payment. This is particularly so when depositions and trial still loom ahead.

14. Accordingly, since we have met the criteria set out by the Disciplinary Rules as interpreted by the Bar Association, I ask that the firm be permitted to withdraw as counsel of record for the defendants in this matter.

**WHEREFORE**, I respectfully request that the Court grant this motion, as well as such other and further relief as may be just and proper.

Dated: April 22, 2010           Signature: *Oscar Michelen*
                                OSCAR MICHELEN  (OM 5199)