# SATTERLEE STEPHENS BURKE & BURKE LLP

230 PARK AVENUE
NEW YORK, NY 10169-0079
(212) 818 9200

33 WOOD AVENUE S.
ISELIN, NJ 08830-2735
(732) 603-4966
FAX (732) 603-4977

FAX (212) 818-9606/7
www.ssbb.com





E-Mail: maieta@ssbb.com
Direct Dial: (212) 404-8755

February 2, 2011

BY HAND
Hon. Kevin N. Fox
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**MEMO ENDORSED**

    Re:    Getty Images (US) Inc. v. Advernet, Inc., f/k/a/ VR
             Marketing, Inc., Case No. 09 cv 1895

Dear Judge Fox:

        We represent Plaintiff, Getty Images (US) Inc. ("Getty Images"). Following yesterday's inquest hearing in this matter, we enclose herewith Plaintiff's Exhibits 8 and 9, which were displayed on the projection screen during the hearing but were not available in hard copy during the hearing. We also wish to clarify that the copy of Plaintiff's Exhibit 5 (the "Shopping Cart"), which was marked at the hearing was, in fact, a redacted version of the "Shopping Cart" from which entries relating to six images that are not among the thirty-five registered works on which plaintiff's copyright infringement claim is based have been removed. (An unredacted version of Plaintiff's Exhibit 5 was attached to the Declaration of Lisa Willmer dated December 9, 2010, which was filed in support of Plaintiff's motion for a default judgment.) The redactions are evident on pages 4, 8, 9, 11, 13, and 14 of Plaintiff's Exhibit 5. An additional copy of Plaintiff's Exhibit 5, with redactions, is enclosed.

        As discussed during the hearing, regarding the admissibility of Exhibit B to the Complaint (the PicScout reports) as a business record, we respectfully direct the Court's attention to *Saks International, Inc. v MV Export Champion*, 817 F.2d 1011 (2nd Cir. 1987)(the "stevedore case"), where the court noted:

> "The principal precondition to admission of documents as business
> records pursuant to Fed.R.Evid. 803(6) is that the records have
> sufficient indicia of trustworthiness to be considered reliable. . . .

1079466_1

SATTERLEE STEPHENS BURKE & BURKE LLP

Hon. Kevin N. Fox
February 2, 2011
Page 2

> Documents may properly be admitted under this Rule as business records even though they are the records of a business entity other than one of the parties . . . and even though the foundation for their receipt is laid by a witness who is not an employee of the entity that owns and prepared them. Further, there is no requirement that the person whose first-hand knowledge was the basis of the entry be identified, so long as it was the business entity's regular practice to get information from such a person. The determination of whether, in all the circumstances, the records have sufficient reliability to warrant their receipt in evidence is left to the sound discretion of the trial judge.

817 F.2d at 1013 (citations omitted); *see also Phoenix Associates III v. Stone*, 60 F. 3d 95, 101 (2nd Cir. 1995); *United States v. Mendel*, 746 F.2d 155 (2nd Cir. 1984)("Business records are admissible if witnesses testify that the records are integrated into an office's records and relied upon in its day-to-day operations").

We have ordered a transcript of the hearing and anticipate that it will be available on or before Friday, Feb. 4. We request permission to submit a post-hearing brief summarizing the evidence supporting plaintiff's request for damages and addressing the issue of pre-judgment interest on any award of damages made by the court.

Respectfully submitted,

Mario Aieta

2/4/11
Application granted.
On or before February 18, 2011, the plaintiff shall file its post-hearing brief. SO ORDERED:

_____
Hon. Kevin Nathaniel Fox
United States Magistrate Judge

1079466_1