UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GETTY IMAGES (US) INC., | ) ) ) |
| Plaintiff, | ) Case No. 09 cv 1895 (KNF) ) |
| v. | ) ) |
| ADVERNET, INC., f/k/a/ VR MARKETING, INC., | ) ) |
| Defendant. | ) ) ) |

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR
RECONSIDERATION

Satterlee Stephens Burke & Burke LLP
Mario Aieta
230 Park Avenue
New York, New York 10169
 (212) 818-9200

Attorneys for Plaintiff
Getty Images (US) Inc.

1197401_1

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................................ 1

ARGUMENT ....................................................................................................................................... 1

    I.    CONTROLLING LAW AND THE FACTS IN THE RECORD ESTABLISH THAT PLAINTIFF'S CLAIMS ARE TIMELY ................................ 1

    II.    THE COURT HAS OVERLOOKED THE FACT THAT THE RECORD SUPPORTS THE CONCLUSION THAT PLAINTIFF WAS THE EXCLUSIVE LICENSEE OF THE LICENSED IMAGES DURING THE PERIOD OF TIME RELEVANT TO THE INFRINGEMENT CLAIMS. .................................................................................. 6

    III.    THE COURT HAS OVERLOOKED CONTROLLING LAW REQUIRING IT TO ACCEPT AS TRUE THE WELL-PLEADED ALLEGATIONS IN THE COMPLAINT. ............................................................ 7

        i.    The Record Regarding the Original Licensee Entities .............................. 10

        ii.    The Record Regarding the Identify of Authors and Licensors ................. 11

CONCLUSION .................................................................................................................................. 12

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Au Bon Pain Corp. v. Artect, Inc.*,
    653 F.2d 61 (2d Cir. 1981) ................................................................................................. 9

*Estate of Burne Hogarth v. Edgar Rice Burroughs, Inc.*,
    342 F.3d 149 (2d Cir. 2003) ............................................................................................ 1, 3

*Finkel v. Romanowicz*,
    577 F.3d 79 (2d Cir. 2009) ........................................................................................... 9, 14

*Perfect 10, Inc. v. Amazon.com, Inc.*,
    508 F.3d 1146 (9th Cir. 2007) .......................................................................................... 4

*Shrader v. CSX Transp., Inc.*,
    70 F.3d 255 (2d Cir. 1995) ............................................................................................... 1

*Stone v. Williams*,
    970 F.2d 1043 (2d Cir. 1992) ........................................................................................... 4

*Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51 (2d Cir. 1971),
    *rev'd on other grounds*, *Hughes v. Trans World Airlines, Inc.*,
    409 U.S. 363, 93 S. Ct. 647 (1973) .............................................................................. 10, 12

**STATUTES**

17 U.S.C. § 502 ....................................................................................................................... 15

**OTHER AUTHORITIES**

3 Nimmer on Copyright § 12.05[A] ........................................................................................ 4

3 Nimmer on Copyright § 12.05[B][1][b] ............................................................................... 4

ii

1197401_1

PRELIMINARY STATEMENT

Plaintiff Getty Images (US) Inc. ("Getty Images"), respectfully submits this memorandum of law in support of its motion for reconsideration of the court's Memorandum and Order dated June 30, 2011 (Document 52, cited herein as "Memorandum and Order"), denying plaintiff's motion for judgment by default and dismissing this action with prejudice. Plaintiff respectfully submits that the court overlooked or misapplied the controlling law regarding the statute of limitations, overlooked facts in the record clearly supporting the conclusion that the defendant made infringing use of each of the registered images during the three year period prior to March 2, 2009, overlooked or misapplied the controlling law regarding the "well-pleaded" facts in the complaint, and overlooked facts in the record establishing that plaintiff is the exclusive licensee of the copyrights at issue.[1]

ARGUMENT

To support a motion for reconsideration the moving party must "point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

> I. CONTROLLING LAW AND THE FACTS IN THE RECORD ESTABLISH THAT PLAINTIFF'S CLAIMS ARE TIMELY.

The court cites *Estate of Burne Hogarth v. Edgar Rice Burroughs, Inc.*, 342 F.3d 149 (2d Cir. 2003), for the proposition that "Civil actions seeking copyright remedies are barred unless commenced within three years after the claim accrued. A cause of action accrues when a plaintiff knows or has reason to know of the injury upon which the claim is premised." Memorandum and

---

[1] The Transcript of Inquest on Damages dated February 1, 2011 is referred to herein as "Transcript" followed by a specific page/line citation, e.g. 20:6-9.

1197401_1

Order at 60, *quoting Estate of Burne Hogarth*, 342 F.3d at 163.  The Complaint was filed on March 2, 2009. The Complaint clearly alleges that "In September 2006, Getty Images discovered that Advernet had obtained copies of eight images exclusively licensed to Getty Images (and not covered by the settlement and release agreement) and had incorporated those images into a web site designed, published, and managed by Advernet for Coquina Hotel, Ltd., at http://www.holidayinmyrtlebeach.com."  Complaint ¶ 10.  The Complaint alleges that plaintiff discovered in December 2006 that defendant was infringing copyrights in two additional images incorporated into the Coquina Hotel web site.  Complaint ¶ 10.  And the Complaint also alleges that plaintiff discovered in September 2007 that web sites designed, published, and managed by defendant made infringing uses of thirty-three additional images.  Complaint ¶ 11.  The Complaint therefore alleges that all of defendant's infringing uses of the copyrights at issue were discovered by plaintiff less than three years prior to the filing of the Complaint and claims based on those infringing uses are timely.

Nonetheless, the court denied plaintiff's claims of copyright infringement, holding that plaintiff was required to allege or prove a "specific time period of infringement" for each of the copyrighted works on which its claims are based.[2]  Memorandum and Order at 61.  Plaintiff respectfully submits that in so holding the court has misconstrued the controlling law and has overlooked important evidence in the record.[3]

---

[2] "[A]bsent a well-pleaded allegation or evidence of the specific time period of infringement, for each image at issue in this action, the plaintiff cannot establish that the defendant is liable to it or that it is entitled to relief in connection with the images licensed exclusively to it. Similarly, without establishing that image number 20270761-001 was infringed at any particular time, the plaintiff cannot demonstrate that the defendant is liable to it or that it is entitled to relief in connection with the alleged infringement." Memorandum and Order at 61.

[3] The court's specific reference to the need to establish the "particular time" of the infringement of image number 20270761-001, which the court acknowledges as an image in which plaintiff has a valid copyright by ownership, Memorandum and Order at 44, indicates that the court viewed the issue of proving the duration of the infringement as separate from proving that infringement occurred at a time when plaintiff was an exclusive licensee of each of the licensed works.

The Complaint specifically alleges when plaintiff discovered defendant's infringing use of 43 images (eight in September 2006, Complaint ¶ 10, two in December 2006, Complaint ¶ 10, and thirty-three in September 2007, Complaint ¶ 11). Thirty-five of those images are the subjects of valid copyright registrations (the "Registered Images"). Complaint ¶ 12 and Exhibit A. The court notes that the record does not inform it which of the Registered Images were found to be infringed by defendant in September 2006, or in December 2006, or in September 2007. For the purposes of establishing that defendant is liable to plaintiff for copyright infringement, it simply does not matter if a particular infringing use was first discovered by plaintiff in September 2006 or on one of the later dates, since a claim for copyright infringement is timely under the rule articulated in *Estate of Burne Hogarth* if brought within three years of discovery of the infringement by the plaintiff. The Complaint in this action was filed on March 2, 2009, less than three years after the earliest discovery date applicable to any one of the Registered Images. Transcript at 14:15 to 15:6; Exhibit 2.

The court's holding that plaintiff failed to establish a viable claim of copyright infringement by failing to allege or prove "the specific time period of infringement" misstates the controlling law. It is not necessary for plaintiff to establish a definitive "start date" for an infringing use that, like the unauthorized website uses at issue here, is continuous. "Each act of infringement is a distinct harm giving rise to an independent claim for relief." *Stone v. Williams*, 970 F.2d 1043, 1049 (2d Cir. 1992). If such an act of infringement occurs "within three years prior to the filing, the action will not be barred even if prior infringements by the same party as to the same work are barred because they occurred more than three years previously." 3 *Nimmer on Copyright* § 12.05[A]. By designing, publishing, and managing websites containing unauthorized copies of the Registered Images, the defendant infringed plaintiff's exclusive rights

3

to display and distribute those Registered Images. *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159-1163 (9th Cir. 2007)(explaining how the unauthorized use of images displayed on a website infringes copyrights).[4] (Defendant also infringed plaintiff's exclusive right to reproduce the Registered Images and plaintiff's exclusive right to prepare derivative works incorporating the Registered Images when it designed and published the websites that incorporated the Registered Images.)

The precise date when defendant made its very first infringing use of any one of the Registered Images is simply not relevant to the issue of liability. What is relevant is whether or not plaintiff has alleged or proven that each of the Registered Images was the subject of an infringing use by defendant during the three year period prior to the filing of the complaint on March 2, 2009. Plaintiff respectively submits that the court overlooked the fact that the record clearly supports the conclusion that defendant made infringing uses of each of the Registered Images during the three year period prior to March 2, 2009.

The Complaint alleges in Paragraph 10 that defendant Advernet made infringing uses of eight images on the Coquina Hotel web site "until at least September 25, 2006," and "at least since May 18, 2006." Complaint ¶ 10. The Complaint also alleges that defendant was infringing copyrights in two additional images when plaintiff "discovered copies" of those images being used in December 2006 in a web site "published and managed" by defendant. Complaint ¶ 10. These specific allegations regarding use were not denied by the defendant in its answer. Paragraph 10 of the Answer, responding to Paragraph 10 of the Complaint:

---

[4] Professor Nimmer, in his discussion of the "prevailing view" on the application of the statute of limitations in the Copyright Act to a continuing infringement provides a useful example: ". . . if suit is filed on June 21, 1998, then recoverable damages are only those sustained since June 21, 1995. That approach rejects the continuing wrong theory, whereby if suit is filed on June 21, 1998, then recoverable damages reach back to the infringement that continuously transpired from June 1985 through July 1995. Plainly, it also rejects the antithesis of the continuing wrong theory, namely that if suit is filed on June 21, 1998, based on continuous infringement that took place from June 1985 to May 1998, then the entire suit is barred for not having been brought within three years of a putative one-time accrual in 1985." 3 *Nimmer on Copyright* § 12.05[B][1][b].

> "Denies the allegations contained in paragraph 10 of plaintiff's complaint to the extent that it alleges that Advernet obtained images exclusively licensed to Getty Images and that said use was unauthorized and violated the rights of Getty Images and the alleged authors of those images. Denies knowledge and information to form a belief as to the truth or falsity of the remainder of the paragraph relating to when Getty Images discovered the alleged use."

Defendant did not deny that it published and managed the web site for the Coquina Hotel, that it incorporated the ten images into that web site, and that the images were used on that web site during the time periods alleged in the complaint. Therefore, the record conclusively establishes that the ten images discovered by plaintiff on the Coquina Hotel website were the subject of continuous infringing uses by defendant after March 2, 2006.

Regarding the Registered Images that were not used by defendant in connection with the Coquina Hotel website, the Complaint alleges that plaintiff discovered in September 2007 that defendant "had obtained copies and incorporated [those images] into seven web sites designed, published, and managed by" defendant. Complaint ¶ 11. Again, defendant did not deny that it had obtained copies of the images or that it had incorporated them into seven web sites that it published and managed. Answer ¶ 11. Therefore, those allegations are admitted. Furthermore, Exhibits 8 and 9 evidence the fact that shortly after plaintiff discovered the thirty-three additional images on web sites managed by defendant it advised defendant's counsel of those infringing uses and the infringing uses were terminated by defendant in September 2007. Exhibit 9; Transcript 42:22 to 43:11. Those images must have been in use on the web sites managed by defendant prior to the time when they were removed in September 2007 or they could not have been discovered by plaintiff or removed from those websites by defendant in response to the

5

September 14, 2007, request from plaintiff (defendant "has in good faith removed all alleged unauthorized images referenced in your email below"). Exhibit 9.[5]

In sum, the evidence in the record shows conclusively that each of the Registered Images was the subject of infringing use by defendant at some point in time between May 2006 and September 2007. The record also shows, without contradiction, that plaintiff discovered those infringing uses less than three years prior to the filing of the complaint. Therefore, plaintiff has established that its claims are timely with respect to the infringements that occurred when defendant made unauthorized use of the Registered Images on the websites that it managed. For purposes of calculating whether or not plaintiff's claims are timely under the statute of limitations, it simply does not matter if any particular image was being infringed by defendant in May 2006 or in September 2007.

> II.  THE COURT HAS OVERLOOKED THE FACT THAT THE RECORD SUPPORTS THE CONCLUSION THAT PLAINTIFF WAS THE EXCLUSIVE LICENSEE OF THE REGISTERED IMAGES DURING THE PERIOD OF TIME RELEVANT TO THE INFRINGEMENT CLAIMS.

The court also noted that "The plaintiff's allegations of the time period during which it discovered the alleged infringement of unidentified images does not aid the Court in determining the time each of the 'exclusively licensed' images at issue in this action was infringed. This is so because, the plaintiff has standing to bring a copyright infringement action, with respect to the work covered by the exclusive licenses, only during the time it possesses an exclusive license to assert a copyright claim for those images." Memorandum and Order at 57. It appears that the court has overlooked the fact that the allegations and evidence concerning the exclusive licenses under which plaintiff has standing to bring copyright infringement claims on the Registered

---

[5] The attachments to Exhibit 9 and Exhibit 8 are found in Exhibit B to the Complaint. Transcript 45:13 to 46:3.

Images support the conclusion that plaintiff held licenses for thirty-one of the Registered Images during the limitations period, i.e., from March 2006 to the present, and was the owner of two others.[6] For the purpose of determining whether or not plaintiff may assert a claim for copyright infringement based on continuous infringements occurring after March 2, 2006 (based on unauthorized use of the Registered Images on websites), the only relevant determination is whether or not plaintiff was an exclusive licensee during the period of the infringing uses, i.e., after March 2006. The court's careful analysis of the evidence regarding plaintiff's licenses with respect to the Registered Images indicates that, with the exception of image numbers BA11057, AB15395 and CA08409, the licenses under which plaintiff claims exclusive licensee status were in place as of February 2005. Memorandum and Order at 24 – 56. While the court's analysis of the license history relating to each Registered Image may cast doubt on the validity of plaintiff's claim to be an exclusive licensee as to a particular image, the record supports the allegation that plaintiff was the exclusive licensee or the owner of thirty-three of the Registered Images during the limitations period, i.e., from March 2, 2006 to the present. Therefore, the absence of specific allegations or proof regarding when defendant's infringing use of each one of those Registered Images first began is not a valid basis to deny judgment on liability in favor of plaintiff against the defaulting defendant.

### III. THE COURT HAS OVERLOOKED CONTROLLING LAW REQUIRING IT TO ACCEPT AS TRUE THE WELL-PLEADED ALLEGATIONS IN THE COMPLAINT.

At an inquest following the default of the defendant, the court is required to accept as true all of the well-pleaded allegations in the complaint and the party seeking a default judgment is

---

[6] The court determined that the licenses with respect to image numbers BA11057 and AB15395 were not exclusive, Memorandum and Order at 28-29, 40-41, and that the license with respect to image number CA08409 post-dates the infringing uses. Memorandum and Order at 49. Plaintiff does not seek reconsideration of the court's determination as to the claims concerning these images based on the record as it now stands.

7

entitled to all reasonable inferences from evidence offered. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) ("In light of [defendant]'s default, a court is required to accept all of the [plaintiff]'s factual allegations as true and draw all reasonable inferences in its favor"); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). The court has overlooked the controlling law in this regard by rejecting all of the allegations in the complaint based on an immaterial inaccuracy contained in a single allegation.

The court noted that "The allegation that all thirty-five images are 'exclusively licensed to Getty Images' is not well pleaded because it is contradicted by: (i) certificate of registration number VA 1-626-053 23 for the image number 200270761-001, which shows that the plaintiff is the author and the claimant of the copyrighted work; and (ii) Exhibit 3 and Wojtczak's testimony that the image number AB35519 is 'wholly owned' by the plaintiff." Memorandum and Order at 24. Based on this discrepancy between the allegation that plaintiff is the exclusive licensee of image number 200270761-001 and image number AB35519 and the documentary evidence concerning the registrations of those two images, *see* Memorandum and Order at 23, the court concluded that the allegation regarding plaintiff's status as the exclusive licensee of the other Registered Images was not well-pleaded and would not be accepted as true even though the defendant had defaulted. Instead, the court carefully parsed the evidence in the record regarding the status of plaintiff as exclusive licensee of the Registered Images. In so doing, the court held Getty Images to a burden of proof arguably greater than that which would have applied had the defendant not defaulted. Plaintiff respectfully submits that the court overlooked controlling law in this regard.

The court cites *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51 (2d Cir. 1971), *rev'd on other grounds, Hughes v. Trans World Airlines, Inc.*, 409 U.S. 363, 93 S. Ct. 647 (1973), for

the proposition that "an allegation made indefinite or erroneous by other allegations in the same complaint is not a well-pleaded allegation." 449 F.2d at 63. The trial judge in *Hughes* stated that "only in very narrow, exceptional circumstances" was an allegation not well-pleaded. 308 F. Supp. 679, 683 (S.D.N.Y. 1969). The Second Circuit approved this discussion as "entirely correct" and "unexceptionable." *Hughes*, 449 F.2d at 63. The allegation that plaintiff is the exclusive licensee with respect to thirty-one of the Registered Images is not made "indefinite or erroneous" by evidence in the record showing that image number 200270761-001 and image number AB35519 are owned by plaintiff, rather than exclusively licensed to plaintiff. The legal significance of the facts as alleged and facts as evidenced by the record is the same. A copyright owner has all of the enforcement rights that an exclusive licensee has. For purposes of an infringement claim, therefore, the allegation that plaintiff has all of the rights to enforce a registered copyright that arise from an exclusive license is not contradicted by the fact of ownership.

    Because the allegation that plaintiff is the exclusive licensee of the Registered Images is well-pleaded as to thirty of those images, the court was required to accept that allegation as true with respect to those images. Instead, the court accorded no credit to the allegations and parsed the evidence for apparent inconsistencies, focusing particularly on two factors: i) the relationship between plaintiff and the entities that first licensed each of the Registered Images from their respective authors, and ii) the relationship between the individual listed as the "author" of each work on the Certificate of Registration for each Registered Image and the person or entity identified as the licensor of each Registered Image in the licensing documents. In so doing, the court overlooked pertinent evidence in the record and held plaintiff to a burden of proof inappropriate for questions of liability on a motion for a default judgment.

9

In *Hughes,* the Second Circuit provided guidance concerning the evidentiary weight to be accorded the evidence and the well-pleaded allegations presented on a motion for a default judgment: "so long as the facts as painted by the complaint 'might ... have been the case' they may not now be successfully controverted by [the defendant]. There was a time for that and [the defendant] cannot elect to default and then defend on the merits. It cannot have its cake and eat it too." *Id.* at 63-64 (emphasis in original).  The complete absence of the defendant from the default proceeding does not increase plaintiff's evidentiary burden in establishing liability on a default motion.  The record simply must indicate that the facts as pled in the complaint "might have been the case."

      i.      <u>The Record Regarding the Original Licensee Entities</u>

The court rejected plaintiff's claims with respect to fourteen of the Registered Images[7] because, *inter alia*, it determined that plaintiff "failed to explain the connection" between the company that first licensed each Registered Image from its author and plaintiff, including "(1) 'Visual Communications Group (VCG)'; (2) 'Pix SAS'; (3) 'The Image Bank, Inc'; (4) 'Tony Stone Images/America Inc.'; and (5) 'Getty Images (UK) Ltd.'" Memorandum and Order at 26-27.  Plaintiff respectfully submits that the court overlooked the controlling law cited above, which provides that on a default motion the record supports a finding of liability if it supports the conclusion that plaintiff's allegations "might have been the case."  Furthermore, the court overlooked the import of the evidence in the record regarding the connection between plaintiff and each of the original licensee entities.  Specifically, Mr. Wojtczak testified that plaintiff "had prior contracts and then newer contracts that supersede" with each of the authors, Transcript 16:22 to 17:13, and that the contracts between the authors and the original licensees were

---

[7] Image numbers AB25548, 10193683, 10026633, 786033-001, 10197228, 10189032, 200218729-001, 10131999, DA60478, 10197811, 886165-011, 200009356-001, 200134384-001, 889907-001.

10

business records kept by plaintiff in the ordinary course of its business, Transcript 22:11-19. Whether or not Mr. Wojtczak explained the history of corporate relationship between plaintiff and the original licensing entities, the record is adequate to support, on a default motion, the conclusion that plaintiff "might have been" the successor entity to each of the original licensees of the Registered Images. That showing is sufficient to support liability on a default motion.

      ii.      <u>The Record Regarding the Identify of Authors and Licensors</u>

The court also questioned at length, and cited as another reason for denying liability on certain of the claims, discrepancies between the identity of the author on the Certificates of Registration and the identity of the licensor on the licensing documents with respect to twelve of the Registered Images.[8] Plaintiff respectfully submits that on a motion for a default judgment it is inappropriate for the court to deny liability based on plaintiff's failure to prove beyond a reasonable doubt that, for example, "William A. Losh" and "Bill Losh" are the same person. The court has overlooked the controlling law in this regard. The standard is whether or not William A. Losh "might have been" Bill Losh.[9] As there is certainly nothing in the record contradicting this conclusion, the court was required to accept the evidence as consistent with the allegation that plaintiff was the exclusive licensee of the Registered Image authored by Willam A. Losh. *Finkel v. Romanowicz*, 577 F.3d at 84. Application of the proper standard on a motion for a default judgment requires that the court reach the same conclusive with respect to plaintiff's claims based on the other ten images for which the record contains inconsistencies between the name of the author and the name of the licensing person or entity.

---

[8] Image numbers 200167546-004, AB91664, BA11057, AB25548, 10026633, AB22261, AB70475, CA32378, BA01292, CA08409, AB64768, CA33374.

[9] "Since the plaintiff did not show that the copyright claimant "William A. Losh" is the same person as "Bill Losh" who signed the November 1, 2001 agreement, it failed to establish it has an exclusive right to bring a copyright action in connection with the image number CA32378." Memorandum and Order at 42.

CONCLUSION

Plaintiff respectfully requests that the court reconsider its Memorandum and Order in light of the controlling law cited above, taking into account the evidence in the record supporting plaintiff's claims as described above, and upon reconsideration enter a default judgment in plaintiff's favor against defendant Advernet. With respect to nine of the Registered Images[10] the court has concluded that plaintiff is either the exclusive licensee or the owner of each. The court has overlooked the controlling law on the application of the statute of limitations to claims based on continuing infringements and, on reconsideration, should grant a judgment on default against defendant with respect to those images. With respect to twenty-three of the remaining images, the court has overlooked the controlling law regarding the standard to be applied in determining defendant's liability on a default motion.[11] The record supports the conclusion that plaintiff's allegations concerning those images "might have been" true and, therefore, plaintiff is entitled to a finding of liability in its favor. Therefore, on reconsideration the court should enter a judgment on default in favor of plaintiff for its claims on thirty-two of the Registered Images for damages in the amount of $21,875.00, together with pre-judgment interest and a permanent injunction

---

[10] Image numbers 200009442-001, 200270761-001, AB16310, AB32869, AB35519, BA60201, BA62505, CA16423, CA28987.

[11] Image numbers 786033-001, 886165-011, 889907-001, 10026633, 10131999, 10189032, 10193683, 10197228, 10197811, 200009356-001, 200134384-001, 200167546-004, 200218729-001, AB22261, AB25548, AB64768, AB70475, AB91664, BA11057, BA01292, CA32378, CA33374, and DA60478.

12

1197401_1

pursuant to 17 U.S.C. § 502.

Dated:   New York, New York
         July 14, 2011

                                           Satterlee Stephens Burke & Burke LLP

                                           By:  _____
                                                 Mario Aieta
                                           230 Park Avenue
                                           New York, New York 10169
                                           tel: (212) 818-9200

                                           Attorney for Plaintiff Getty Images (US) Inc.