```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GETTY IMAGES (US) INC.,
                                                            :
                        Plaintiff,
                                                            :
        -against-                         MEMORANDUM AND ORDER
                                                            :
                                                  09 Civ. 1895 (KNF)
ADVERNET, INC., f/k/a VR MARKETING, INC., :

                                                            :
                        Defendant.
------------------------------------------------------------X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

By a Memorandum and Order, dated June 29, 2011, the Court: (i) denied the plaintiff's motion for judgment by default, made pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure; and (ii) dismissed the action with prejudice. Accordingly, a judgment was entered, on June 30, 2011. Before the Court is the plaintiff's motion for reconsideration, made pursuant to Local Civil Rule 6.3 of this court.

The local rule provides that a party may make a motion for reconsideration based on "the matters or controlling decisions which counsel believes the Court has overlooked." Local Civil Rule 6.3. The rule "is not designed to allow wasteful repetition of arguments already briefed, considered and decided," and a party making a motion under Local Civil Rule 6.3 may not "advance new facts, issues or arguments not previously presented to the Court." Schonberger v. Serchuk, 742 F. Supp. 108, 119 (S.D.N.Y. 1990).

The plaintiff makes three arguments in its motion: (1) "controlling law and the facts in the record establish that plaintiff's claims are timely"; (2) the Court "has overlooked the fact that the record supports the conclusion that plaintiff was the exclusive licensee of the licensed images

during the period of time relevant to the infringement claims"; and (3) the Court "has overlooked controlling law requiring it to accept as true well-pleaded allegations in the complaint."  Each argument is addressed below.

***(1) Controlling Law and the Facts in the Record Establish that Plaintiff's Claims Are Timely***

The plaintiff contends that the Court's "holding that plaintiff failed to establish a viable claim of copyright infringement by failing to allege or prove 'the specific time period of infringement' misstates the controlling law" because "[i]t is not necessary for plaintiff to establish a definitive 'start date'[1] for an infringing use that, like the unauthorized website uses at issue here, is continuous."  According to the plaintiff:

> [t]he precise date when defendant made its very first infringing use of any of the Registered Images is simply not relevant to the issue of liability.  What is relevant is whether or not plaintiff has alleged or proven that each of the Registered Images was the subject of an infringing use by defendant during the three year period prior to the filing of the complaint on March 2, 2009.

The plaintiff contends that the Court "overlooked the fact that the record clearly supports the conclusion that defendant made infringing use of each of the Registered Images during the three year period prior to March 2, 2009," and that the "plaintiff discovered those infringing uses less than three years prior to the filing of the complaint."

The plaintiff does not contend that the Court overlooked any controlling decisions; instead, its argument is that the Court "misstates the controlling law."  The plaintiff believes, erroneously, that the Court's finding, that "absent a well-pleaded allegation or evidence of the specific time period of infringement, for each image at issue in this action, the plaintiff cannot

---

[1] Since the Court did not use the phrase "start date" in its analysis of the plaintiff's claims, its relevance is not clear.  The phrase was used by the plaintiff's witness, David Wojtczak, for his damages calculation.

establish that the defendant is liable to it or that it is entitled to relief in connection with the images exclusively licensed to it," is a finding that its claims were untimely based on the statute of limitations. The plaintiff's arguments that: (a) "[i]t is not necessary for plaintiff to establish a definitive 'start date' for an infringing use that, like the unauthorized website uses at issue, is continuous"; and (b) "[t]he precise date when defendant made its very first infringing use of any of the Registered Images is simply not relevant to the issue of liability," have not been presented to the Court previously, and, as such, are inappropriately asserted on a motion for reconsideration. Moreover, the plaintiff seems to suggest that its allegation or proof that infringement occurred within the statute of limitations is sufficient to establish that portion of the statutory requirement which provides that the legal or beneficial owner of an exclusive right may "institute an action for any infringement of that particular right while he or she is the owner of it." See 17 U.S.C. § 501(b). This argument must be rejected because it too was not presented to the Court previously. As explained in the Court's June 29, 2011 Memorandum and Order, the specific time period of infringement must be established by the legal or beneficial owner of an exclusive right because the owner is only entitled "to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b) (emphasis added). Thus, the Court did not "misstate[] the controlling law," as the plaintiff claims. In essence, to ensure the plaintiff's ownership of the infringed right existed concurrently with all or a part of the period of infringement, the Court must know the specific time period of infringement.

      The plaintiff does not identify what "important evidence in the record" the Court overlooked. Furthermore, its contention that the Court "overlooked the fact that the record clearly supports the conclusion that defendant made infringing uses of each of the Registered

Images during the three year period prior to March 2, 2009," is frivolous because the assertion: "the record clearly supports the conclusion . . ." is not a fact; rather, it is a legal conclusion. The plaintiff's argument, that "controlling law and the facts in the record establish that plaintiff's claims are timely," is an attempt to raise a new argument, not previously presented to the Court, or to reargue the merits – already considered and rejected by the Court – neither of which is permitted on a motion for reconsideration. See Schonberger, 742 F. Supp. at 119.

*(2) The Court Has Overlooked the Fact that the Record Supports the Conclusion that Plaintiff Was the Exclusive Licensee of the Registered Images During the Period of Time Relevant to the Infringement Claims*

The plaintiff contends that the Court "overlooked the fact that the allegations and evidence concerning the exclusive licenses under which plaintiff has standing to bring copyright infringement claims on the Registered Images support the conclusion that plaintiff held licenses for thirty-one of the Registered Images during the limitation period, i.e., from March 2006 to the present, and was the owner of two others.[2]" In so contending, the plaintiff refers to the Court's statements, in its June 29, 2011 Memorandum and Order, namely that "[t]he plaintiff's allegations of the time period during which it discovered the alleged infringement of unidentified images does not aid the Court in determining the time each of the 'exclusively licensed' images at issue in this action was infringed," because "the plaintiff has standing to bring a copyright

---

[2] In a footnote, the plaintiff states:
The court determined that the licenses with respect to image numbers BA11057 and AB15395 were not exclusive, Memorandum and Order at 28-29, 40-41, and that the license with respect to image number CA08409 post-dates the infringing uses. Memorandum and Order at 49. Plaintiff does not seek reconsideration of the court's determination as to the claims concerning these images based on the record as it now stands.

infringement action, with respect to the work covered by the exclusive licenses, only during the time it possesses an exclusive license to assert a copyright claim for those images." According to the plaintiff:

> While the court's analysis of the license history relating to each Registered Image may cast doubt on the validity of plaintiff's claim to be an exclusive licensee as to a particular image, the record supports the allegation that plaintiff was the exclusive licensee or the owner of thirty-three of the Registered Images during the limitation period, i.e., from March 2, 2006 to the present. Therefore, the absence of specific allegations or proof regarding when defendant's infringing use of each one of the Registered Images first began is not a valid basis to deny judgment on liability in favor of plaintiff against the defaulting defendant.

The plaintiff does not identify what factual matter(s) or controlling law(s) the Court overlooked. The plaintiff's contention that the Court "overlooked the fact that the allegations and evidence . . . support the conclusion that plaintiff held licenses for thirty-one of the Registered Images during the limitation period "is disingenuous, because the assertion that "the allegation and evidence . . . support the conclusion . . . " is not a fact; rather, it is a legal conclusion. Moreover, the plaintiff does not reconcile its statement that the Court's "analysis of the license history relating to each Registered Image may cast doubt on the validity of plaintiff's claim to be an exclusive licensee as to a particular image," with its contention that "the record supports the allegation that the plaintiff was the exclusive licensee or the owner of thirty-three of the Registered Images during the limitations period, i.e., from March 2, 2006 to the present." Since the plaintiff does not claim that the Court overlooked any factual matter(s) or controlling law(s), its motion for reconsideration cannot be granted based on this argument.

### *(3) The Court Has Overlooked Controlling Law Requiring It to Accept as True the Well-pleaded Allegations in the Complaint*

The plaintiff contends that "[a]t an inquest following the default of the defendant, the

5

court is required to accept as true all of the well-pleaded allegations in the complaint and the party seeking a default judgment is entitled to all reasonable inferences from evidence offered," but the Court "overlooked the controlling law in this regard by rejecting all of the allegations in the complaint based on an immaterial inaccuracy contained in a single allegation." According to the plaintiff,

> [b]ased on [the] discrepancy between the allegation that plaintiff is the exclusive licensee of image number 200270761-001 and image number AB35519 and the documentary evidence concerning the registrations of those two images, . . . the court concluded that the allegation regarding plaintiff's status as the exclusive licensee of the other Registered Images was not well-pleaded and would not be accepted as true even though the defendant had defaulted.

The plaintiff claims that, although the evidence demonstrated

> that image number 200270761-001 and image number AB35519 are owned by plaintiff, rather than exclusively licensed to plaintiff, . . . for purposes of an infringement claim, . . . the allegation that plaintiff has all of the rights to enforce a registered copyright that arise from an exclusive license is not contradicted by the fact of ownership.

Furthermore, the plaintiff argues, "[t]he allegation that plaintiff is the exclusive licensee with respect to thirty-one of the Registered Images is not made 'indefinite or erroneous' by evidence in the record showing that image number 200270761-001 and image number AB35519 are owned by plaintiff, rather than exclusively licensed to plaintiff." According to the plaintiff, in Trans World Airlines, Inc. v. Hughes, 449 F.2d 51 (2d Cir. 1971), rev'd on other grounds, and Hughes v. Trans World Airlines, Inc., 409 U.S. 363, 93 S. Ct. 647 (1973), "the Second Circuit provided guidance concerning the evidentiary weight to be accorded the evidence and the well-pleaded allegations presented on a motion for a default judgment," to wit, "so long as the facts as painted by the complaint 'might . . . have been the case' they may not now be successfully controverted by [the defendant]." The plaintiff contends that the Court "overlooked the

6

controlling law cited above, which provides that on a default motion the record supports a finding of liability if it supports the conclusion that plaintiff's allegations 'might have been the case.'" Thus, the plaintiff argues, "the record is adequate to support, on a default motion, the conclusion that plaintiff 'might have been' the successor entity to each of the original licensees of the Registered Images."

The plaintiff does not identify where in the June 29, 2011 Memorandum and Order the Court determined that, as the plaintiff contends, "[t]he allegation that plaintiff is the exclusive licensee with respect to thirty-one of the Registered Images is . . . made 'indefinite or erroneous' by evidence in the record showing that image number 200270761-001 and image number AB35519 are owned by plaintiff, rather than exclusively licensed to plaintiff." The Court made no such determination; rather, the Court found that "[t]he allegation that all thirty-five images are 'exclusively licensed to Getty Images' is not well pleaded because it is contradicted" by the plaintiff's own evidence. The plaintiff does not claim that, in making this finding, the Court overlooked the controlling law that establishes the allegations are not well pleaded "which are contrary to uncontroverted material in the file of the case." See Trans World Airlines, Inc., 449 F.2d at 63. Instead, the plaintiff argues that the Court overlooked the Supreme Court's instruction, noted by the Second Circuit, "that so long as the facts as painted by the complaint '*might* * * * have been the case' they may not now be successfully controverted by [the defendant]." Id. at 64 (quoting Thomson v. Wooster, 114 U.S. 104, 115, 5 S. Ct. 788, 794 (1885)) (alteration in original)). However, the Court did not overlook the Supreme Court's Wooster instruction, because Wooster stands for the proposition that the allegations are well-pleaded where "the court cannot say, as a mere matter of law, that [the allegations in the complaint] might not have been the case," Wooster, 114 U.S. at 115, 5 S. Ct. at 794, and the

Court here determined that the allegations in the complaint were contradicted by the plaintiff's own uncontroverted evidence, making them not well-pleaded. See Trans World Airlines, Inc., 449 F.2d at 63 (the allegations are not well-pleaded "which are contrary to uncontroverted material in the file of the case."). In the language of Wooster, the Court's determination that the allegations in the complaint were contradicted by the uncontroverted evidence, means that, as a matter of law, they "might have not been the case." Therefore, contrary to the plaintiff's contention, the Court did not overlook Wooster's instruction; it followed it. The plaintiff's disagreement with the Court's conclusion, that its allegations are not well-pleaded, is not a proper basis for granting its motion for reconsideration.

## *Conclusion*

For the foregoing reasons, the plaintiff's motion for reconsideration, made pursuant to Local Civil Rule 6.3 of this court, Docket Entry No. 54, is denied.

Dated: New York, New York  
November 22, 2011

SO ORDERED:

_____  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE